IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00957-BNB

LORENZO SERNA,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 26 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Lorenzo Serna is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Serna initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on May 15, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On May 28, 2009, Respondent filed a Preliminary Response arguing that Mr. Serna has failed to exhaust administrative remedies. Although he was given an opportunity to file a reply to the preliminary response, Mr. Serna has not done so.

The Court must construe the application liberally because Mr. Serna is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Serna claims that he has been denied consideration for, and placement at, a residential re-entry center (RRC) for a maximum term of twelve months. He further alleges that no inmate at the Florence prison camp has received a twelve-month RRC placement even though federal law authorizes pre-release RRC placements for up to twelve months. Mr. Serna specifically contends that the BOP is violating 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21 by categorically denying inmate requests for twelve-month pre-release RRC placements.

As noted above, Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Serna. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. §§ 542.13 - 542.15.

2

According to Respondent, Mr. Serna has not filed any administrative remedy requests since his incarceration began. As noted above, Mr. Serna has not filed a reply to the preliminary response. He concedes in the application that he has not exhausted administrative remedies for his claim in this action.

Mr. Serna argues in the application that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile. He maintains that exhaustion would be futile because the BOP has predetermined the issue. Mr. Serna alleges in support of this argument that no inmate at the Florence prison camp has received twelve months in an RRC and that his case manager informed him no inmate at the Florence prison camp ever will be granted twelve months in an RRC. Mr. Serna also attaches to the application a copy of a November 14, 2008, BOP memorandum that he apparently believes supports his argument that the BOP has predetermined the issue.

The exhaustion requirement may be waived if exhaustion would be futile. *See* **Fraley v. U.S. Bureau of Prisons**, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." **Holman v. Booker**, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Serna fails to convince the Court that exhaustion of administrative remedies would be futile.

Mr. Serna's assertion that the BOP has not granted any inmate at the Florence prison camp a twelve-month RRC placement, and will not grant any inmate at the Florence prison camp a twelve-month RRC placement, is insufficient to demonstrate that exhaustion of the BOP administrative remedy procedure would be futile. Even if

prison officials at the Florence prison camp categorically are denying maximum pre-release RRC placements to all eligible inmates as Mr. Serna alleges, that fact alone would not demonstrate that exhaustion of administrative remedies is futile because the BOP administrative remedy procedure includes two levels of review beyond institution staff.

The November 14 BOP memorandum cited by Mr. Serna also does not demonstrate that exhaustion would be futile because that memorandum relates to inmate requests for transfers to RRCs when they have more than one year of their sentence remaining to be served. The November 14 BOP memorandum does not address Mr. Serna's claim that pre-release inmate with less than one year of their sentences remaining to be served should be granted the maximum RRC placement of twelve months. In fact, the November 14 BOP memorandum includes a footnote referring to a separate BOP memorandum dated April 14, 2008, that instructs staff how to review inmates for pre-release RRC placement during the final twelve months of their sentences.

Therefore, the Court finds that Mr. Serna fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. Nothing in the Court's file indicates that pre-release inmates are not eligible for placement in an RRC for up to twelve months. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 25 day of June, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00957-BNB

Lorenzo Serna
Reg. No. 19751-031
FPC - Florence
PO Box 6000
Florence, CO 81226

Mark S. Pestal
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/26/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk